UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL NORMAN ST. ONGE,

    Plaintiff,

v.                                         Case No. 2:19-cv-84-FtM-66NPM

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____

**ORDER**

Pursuant to the Scheduling Order and subsequent extensions of time, the parties filed their Joint Memorandum (Doc. 23) on February 6, 2020. In the joint memorandum, the parties state that on July 31, 2019, Plaintiff Michael Norman St. Onge died. (Doc. 23, p. 2). But Plaintiff's counsel did not file a suggestion of death nor move to substitute Alan M. St. Onge on behalf of Michael Norman St. Onge. Instead, the parties just modified the caption of the Joint Memorandum. (Doc. 23, p. 1).

Under Rule 25(a):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor, or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent may be dismissed.

Fed. R. Civ. P. 25(a). Furthermore, under 20 C.F.R. § 404.503, when an individual dies who has underpaid benefits, the underpayments will be distributed to a "legal representative of the estate of the deceased individual as defined in paragraph (d) of this section." 20 C.F.R. § 404.503(b)(7). The regulations list who may be a legal

representative and include "[a] person who has the authority, under applicable law, to collect the assets of the estate of the deceased individual." 20 C.F.R. § 404.503(d)(4). The Court will therefore require Plaintiff's counsel to file a Suggestion of Death, a death certificate for Mr. St. Onge, and a motion for substitution of party.

In addition, the decedent sought review of the Commissioner's decision regarding both disability benefits and supplemental security income. (Doc. 23, p. 1). The Court will require the parties to confer and file a joint notice as to whether Plaintiff's disability insurance benefits claim under Title II of the Social Security Act and his supplemental security income claim under Title XVI of the Social Security Act extinguished on Mr. St. Onge's death. *See* 42 U.S.C. § 1383(b)(1)(A); 20 C.F.R. § 416.542(b)(1)-(4); *Eachus o/b/o Thompson v. Comm'r of Soc. Sec.*, No. 2:16-CV-402-FTM-MRM, 2017 WL 3866873, *1 (M.D. Fla. Sept. 5, 2017) (finding a claim for supplemental security income generally extinguishes upon a claimant's death unless certain exceptions apply).

Accordingly, it is **ORDERED**:

(1) By July 10, 2020, Plaintiff will file a suggestion of death, a death certificate, and a motion for substitution of party.

(2) By July 10, 2020, the parties will file a joint notice as to whether any of the decedent's claims extinguished upon his death.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE