UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAN M. ST. ONGE, o/b/o MICHAEL
NORMAN ST. ONGE (deceased),

      Plaintiff,

v.                                            Case No. 2:19-cv-00084-JLB-NPM

COMMISIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## ORDER

The Magistrate Judge filed a Report and Recommendation in this matter on October 30, 2020, recommending the Commissioner's decision be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of medical records regarding Michael Norman St. Onge's heart condition dated after December 14, 2018.[1]  (Doc. 36.)  No objections have been filed.  A district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  In the absence of objections, a district judge is not required to review the factual findings in the report de novo, but legal conclusions are reviewed de novo even without an objection.  Id.; Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

---

[1] To the extent this Court's prior order (Doc. 37) or the Report and Recommendation suggested reversal or affirmance was the proper remedy, that is inaccurate.  Under a sentence-six remand, no determination on the merits is made until after post-remand agency proceedings are completed.  See Davis v. Comm'r, No. 309-cv-818-J-MCR, 2010 WL 750346, at *1 (M.D. Fla. Mar. 4, 2010).

After an independent review of the record—and noting that no objections have been filed—the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. The Court further notes that any issues regarding the appointment of the presiding administrative law judge ("ALJ") under the Appointments Clause of the U.S. Constitution may potentially be rectified during the proceedings on remand.

Accordingly, it is **ORDERED**:

1. The Report and Recommendation (Doc. 36) is **ADOPTED**.

2. This action is **REMANDED** to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), for the Commissioner to conduct a de novo hearing before an ALJ. The Clerk is **DIRECTED** to administratively close the case, but the Court shall retain jurisdiction.

3. If the outcome of the de novo hearing is not favorable to Plaintiff, he may seek judicial review by reinstating this case rather than filing a new complaint. If the outcome is fully favorable to Plaintiff, the parties shall file a motion to dismiss.

4. The Commissioner **SHALL** provide the Court with status reports every three months regarding the remand process.

**ORDERED** in Fort Myers, Florida, on November 19, 2020.

*[Signature: John L. Badalamenti]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE